(Court of Appeal, Parish of Orleans.)

## ALFRED HILLER CO. vs. THOMAS M. COTTON ET ALS.

The assignment of errors filed herein discloses no good reason for disturbing the judgment of the lower Court.

Appeal from Civil District Court, Division E.

Alexis Brian, plaintiff and appellee.

R. A. Tichenor, defendant and appellant.

DUFOUR, J.   The defendants are appellants from a judgment by default against them, and assign as errors patent on the face of the record:

1st.   That the trial herein was had in the absence of defendants and their counsel, and that no evidence or note of evidence was filed in the record.

2nd.   That the evidence adduced on the trial of the cause was insufficient and did not warrant the Court in rendering the judgment herein appealed from.

The judgment was rendered on January 7, 1904, the day on which the case was tried, and was signed on January 14, 1904.   It recites that it is based on "the testimony of Edgar Fassman and other evidence."   The transcript shows that the appeal was taken January 18, and that the testimony was filed on the 23rd, and the appeal was lodged here on the 25th.   On this state of facts, appellants ask for reversal and remanding; their prayer cannot be granted.

Even if it were conceded that the testimony cannot be considered because filed after the motion of appeal was made, appellants' position would not thereby be improved.

As said in 39 An. 229: "Appellant's contention that the omission to bring up the missing evidence is not imputable to him, because it was the duty of the appellees to have reduced their parol testimony to writing and to have seen to the filing of their documentary evidence, is untenable.   No law compels a party to cause his testimony to be taken in writing ; the provision of the law on the subject is simply directory.   Because one of the parties has not caused his oral testimony to be taken down and his written evidence noted, it does not follow that, in the event of an appeal by his adversary, he be deprived of it and placed at the mercy of his opponent.

The appellant should in such a case have a statement of facts seasonably made as the law directs."

It is clear that the assignment of errors present no question of law but simply a question of fact and that, in the absence of proof to the contrary, this Court must presume that the judgment of the lower Court was rendered on legal and sufficient evidence. 39 An. 227.

If on the other hand we consider the evidence reduced to writing and filed before the transcript was made, and certified to by the clerk as being all the evidence adduced, we find that it warrants the judgment against the purchaser of merchandise and his guarantor.

Judgment affirmed.

April 4, 1904.

Rehearing refused April 18, 1904.